**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK A. PENDLETON,<br>  11912 Viewcrest Terrace<br>  Silver Spring, MD 20902,<br><br>       Plaintiff,<br><br>    v.<br><br>PETER KEISLER,<br>  Acting Attorney General<br>  U.S. Department of Justice<br>  Washington, D.C.  20530,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ. Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Preliminary Statement

1.) This is an action brought by Mark A. Pendleton, an exceptional Special Agent employed by the Department of Justice ("DOJ") Office of the Inspector General ("OIG") in its Washington Field Office ("WFO"), who is the recipient of three Inspector General's Awards for Sustained Superior Performance, among the DOJ Inspector General's most substantial and important awards. The case challenges defendant's discriminatory and retaliatory failure to select plaintiff for promotion for either of two non-supervisory Special Agent Grade 14 positions in May of 2005.

2.) Mr. Pendleton is an African American and was the plaintiff in <u>Pendleton v. Gonzales</u>, C.A. No. 04-1838 (RJL) ("<u>Pendleton I</u>"), which was recently decided on summary judgment in favor of defendant and is now on appeal in No. 07-5296 (D.C. Cir.).

3.) Plaintiff joined the WFO as a Grade 13 upon the formation of DOJ OIG in 1989. Before doing so, Mr. Pendleton already had ten years of service as a Special Agent with other federal agencies and had already attained Grade 13. Plaintiff also held a Bachelor of Science degree with a major in the Administration of Justice.

4.) Despite his qualifications, experience, and performance, Mr. Pendleton has never been promoted during his eighteen years in DOJ OIG and has been repeatedly passed over for promotion to Grade 14.

5.) During the pendency of Pendleton I, on January 17, 2005, 2004, the WFO advertised two vacancies for non-supervisory Senior Special Agents at Grade 14.

6.) Despite his superior qualifications, Mr. Pendleton was again passed over for promotion in favor of two less qualified, less experienced non-minority agents who had not engaged in protected EEO activity.

7.) This case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and seeks redress for defendant's discriminatory and retaliatory failure to select Mr. Pendleton for either of two GS-14 Senior Special Agent positions in the Washington Field Office advertised for competition in January of 2005.

8.) To remedy defendant's unlawful conduct, plaintiff seeks equitable relief a.) declaring that he was denied promotion to Special Agent Grade GS-14 on account of discrimination due to his race and his previous participation in protected EEO activity; b.) promoting plaintiff to Special Agent Grade GS-14 with corresponding backpay and

benefits; and c.) enjoining defendant from further discriminating against him.  Plaintiff also seeks compensatory damages in the maximum amount allowed by law and an award of his attorneys' fees and costs.

## Parties, Jurisdiction, And Venue

9.)  Plaintiff Mark A. Pendleton is employed as a Special Agent, GS-1811, at the Grade 13 level in the Washington Field Office of the Department of Justice Office of Inspector General.  Mr. Pendleton is an African American who has participated in protected EEO activity and resides at the address recited in the caption of this Complaint.

10.) Defendant Peter Keisler is the Acting Attorney General of the United States and as such is the official who heads the U.S. Department of Justice, the federal agency which employs plaintiff and engaged in the acts of discrimination and retaliation that are the subjects of this action.  The Department of Justice is the department of the federal government primarily responsible for enforcing the criminal laws of the federal government, for bringing civil suit on behalf of the federal government, and for defending the federal government and federal officials when they are sued civilly. Defendant is named in his official capacity only.

11.) Jurisdiction of this Court is based upon 28 U.S.C. §1332, and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)).  Venue lies in this judicial district pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(f)(3)), because defendant's acts of discrimination and retaliation occurred in this judicial district, where plaintiff was and would have been employed but for defendant's discrimination and retaliation.

**Statement Of The Case**

**Background**

12.) Plaintiff Mark A. Pendleton is a GS-13 Special Agent who is employed in the Washington Field Office ("WFO") of the Office of Inspector General ("OIG") of the Department of Justice ("DOJ").

13.) The DOJ OIG was organized in 1989 with an overall mission of promoting economy, efficiency and effectiveness within DOJ. Its activities include conducting investigations into violations of federal criminal and civil law, regulation, and ethical standards, and into suspected fraud, waste, abuse, and misconduct committed against and within DOJ and its components. The subjects of OIG investigations include employees of DOJ and other federal agencies, as well as private citizens and contractors. The sanctions which OIG may seek as a result of its investigations are administrative, civil, and criminal in nature.

14.) The DOJ OIG as a whole, including the Washington Field Office, is divided into several component organizations. Like all Specials Agents, Mr. Pendleton is employed by the Office of Investigations, which is headed by an Assistant Inspector General for Investigations, who reports to the Inspector General. Unless specifically noted to the contrary, all references in this Complaint to the DOJ OIG are to the Office of Investigations.

15.) Mr. Pendleton joined DOJ OIG upon its formation in 1989 as a GS-1811 Special Agent at the Grade 13 level in the Washington Field Office.

16.) At the time of his initial appointment with DOJ OIG, Mr. Pendleton had already been a Grade 13 and had served ten years as a Special Agent in the Inspectors Generals' Offices of two other government agencies; the Government Printing Office and the U.S. Department of Agriculture. Mr. Pendleton had also served one year as a police officer with the Federal Protection Service.

17.) Mr. Pendleton also held a Bachelor of Science degree with a major in the Administration of Justice from the American University.

18.) In total, Mr. Pendleton has spent over 25 years as a federal law enforcement officer.

19.) During his tenure as a Special Agent with DOJ OIG, Mr. Pendleton has been responsible for the investigation of over 125 administrative and criminal cases involving major DOJ components under the jurisdiction of DOJ OIG including, but not limited to, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Immigration and Naturalization Service, the U.S. Marshals Service, the Bureau of Prisons, and offices and divisions within DOJ itself.

20.) Mr. Pendleton's investigative activities have included serving as the lead Special Agent in the investigation of white collar crime, fraud, bribery, and corruption; heading joint investigations of federal and state law enforcement authorities investigating RICO and related criminal activity; testifying before and presenting evidence to grand juries, petit juries, and administrative bodies; and investigating senior officials of DOJ and its components for the commission of crimes and official misconduct.

21.) On many occasions throughout his career, Mr. Pendleton has capably presented briefings about the results of his investigations to senior management of DOJ OIG; United States Attorneys and staff Assistant U.S. Attorneys throughout the country; executives of DOJ components including the Criminal Division, the Civil Division, the Civil Rights Division, the Public Integrity Section; and executives of subordinate DOJ agencies including the Federal Bureau of Investigation, the Bureau of Prisons, the Drug Enforcement Administration, and the Immigration and Naturalization Service.

**Defendant's Unlawful Personnel Actions**

22.) Beginning in approximately 1998, DOJ OIG began designating certain cases as "priority investigations," the DOJ OIG designation for its more important investigations, including those of national importance and particular significance to the Inspector General. Successful investigation of such cases is viewed by DOJ OIG as evidence of a Special Agent's potential for promotion to Grade 14.

23.) Mr. Pendleton has conducted many priority investigations during his tenure in DOJ OIG, thoroughly and professionally. Mr. Pendleton also successfully served as the lead Special Agent in many other complex, significant cases which meet the criteria for being designated priority investigations under current DOJ OIG policies.

24.) In all his assignments, Mr. Pendleton's work was timely, organized, thorough, and professional in all respects, as were his oral presentations to senior officials in DOJ OIG and outside agencies.

25.) Mr. Pendleton has received three Inspector General's Awards for Sustained Superior Performance, which are among the most significant awards given by the DOJ OIG, in 2002, 2003, and 2005.

26.) Mr. Pendleton's second Inspector General's Award in 2003 confirmed that he has long been ready for promotion and recognized that Mr. Pendleton comports himself in a polished and professional manner and serves as a positive example to his fellow agents.

27.) Mr. Pendleton initiated the EEO complaints process that matured into <u>Pendleton I</u> on or about August 18, 2003. The case itself was initiated in U.S. District Court for the District of Columbia on October 22, 2004.

28.) During the pendency of <u>Pendleton I</u>, DOJ OIG assigned Mr. Pendleton to two priority investigations under the direct supervision of Willie Haynes, the only GS-15 African American supervisory Special Agent in its history.

29.) DOJ OIG's supposed reason for making the foregoing assignments was to demonstrate its "good faith" in assessing Mr. Pendleton's work and readiness for promotion to Grade 14.

30.) On January 24, 2005, Mr. Haynes praised Mr. Pendleton for having performed "a great job in both" priority investigations in an e-mail directed to Assistant Inspector General for Investigations ("AIGI") Thomas McLaughlin.

31.) During the same time that Mr. Haynes forwarded his assessment of Mr. Pendleton to AIGI McLaughlin, Mr. McLaughlin opened competition for new nonsupervisory, Senior Special Agent positions at

Grade 14, two of which were eventually filled for the WFO. The Vacancy Announcement given these positions was No. OIG-2005-05.

32.) AIGI McLaughlin also served as the selecting official for Vacancy Announcement No. OIG-2005-05.

33.) Mr. Pendleton timely applied for the foregoing positions, was qualified for both, and was rated qualified for them by defendant.

34.) The primary function of the foregoing Senior Special Agent positions was to enhance OIG's activities in priority, complex, and sensitive investigations.

35.) On May 25, 2005, defendant passed Mr. Pendleton over for promotion in retaliation for Mr. Pendleton's prosecution of <u>Pendleton I</u> and the administrative process that preceded it and in order to discriminate against Mr. Pendleton on account of his race.

36.) Mr. Pendleton's qualifications for promotion – including his receipt of three Inspector General Awards, his years of service at DOJ OIG and performance in many priority investigations, and his extensive experience in investigating white collar crime and internal agency misconduct – vastly exceeded those of the two Special Agents selected by DOJ OIG, Michael Fletcher and Scott Meyers, both of whom are Caucasian.

37.) Defendant also deviated from its established selection processes including, but not limited to, arranging for an off the record "evaluation" of Mr. Pendleton by one of his supervisors.

38.) The DOJ OIG manager responsible for the foregoing "evaluation" of Mr. Pendleton and who transmitted it to AIGI McLaughlin as the selecting official was the Special Agent in Charge

of the WFO, Thomas Huggins.   Mr. Huggins was among the managers identified in Pendleton I as being responsible for discriminating against Mr. Pendleton over a long period of time.

39.) The agency manager who Mr. Huggins arranged to provide the foregoing "evaluation" of Mr. Pendleton was Mr. Huggins' subordinate, Assistant Special Agent in Charge of the WFO, Ronald Powell, whose appointment Mr. Pendleton challenged in the agency complaints process that preceded Pendleton I.

40.) Mr. Powell's "evaluation" left panelists in the foregoing selection process with the unfounded impression that there were issues concerning Mr. Pendleton's investigative ability as well as his writing, which Mr. Pendleton worked hard to improve and did improve several years earlier.

41.) Panel members' consideration of and reliance upon Mr. Powell's "evaluation" of Mr. Pendleton and Mr. Huggins' transmittal of its substance to other panel members was discriminatory and retaliatory and substantially contributed to Mr. Pendleton being denied the positions at issue in this case.

42.) AIGI McLaughlin was the selecting official to whom Mr. Huggins made the recommendation that Mr. Pendleton be passed over in favor of Mr. Fletcher and Mr. Meyers in Vacancy Announcement No. OIG-2005-05.  Mr. McLaughlin was another of the managers identified in the administrative complaints process preceding Pendleton I as being responsible for discriminating against Mr. Pendleton.

43.) Mr. McLaughlin knew that the panel members' evaluation of Mr. Pendleton and Mr. Huggins' recommendation against selecting him

were untrue and an unfounded evaluation of his performance and skills and his qualifications for promotion to Grade 14.

44.) Mr. McLaughlin had been the official who, as Deputy AIGI, had recommended Mr. Pendleton for his first Inspector General Sustained Superior Performance Award in 2002; and who would, in December of 2005, serve as the official making Mr. Pendleton's third Inspector General Sustained Superior Performance Award.

45.) Mr. McLaughlin also knew that the foregoing evaluations of Mr. Pendleton and recommendation against his selection contradicted Mr. Haynes' assessment of Mr. Pendleton's work performance.

46.) Mr. McLaughlin did not consider Mr. Haynes' evaluation of Mr. Pendleton in the selection process at issue in this case, despite knowing that defendant's purpose in having Mr. Pendleton work under Mr. Haynes' direct supervision was supposedly to demonstrate the agency's "good faith" in considering Mr. Pendleton for promotion.

47.) Like Mr. McLaughlin, Mr. Huggins also knew that his recommendation against Mr. Pendleton's selection and Mr. Powell's "evaluation" of Mr. Pendleton were untrue and an unfounded evaluation of his performance and skill and his qualifications for promotion to Grade 14.

48.) In 2002, Mr. Huggins had been the official responsible for recommending Mr. Pendleton for his first Inspector General's Sustained Superior Performance Award.

49.) In 2003, Mr. Huggins was the official responsible for initiating the process for awarding Mr. Pendleton his second Inspector General's Sustained Superior Performance Award, which praised Mr.

Pendleton for being a good report writer and for having presented and comported himself in a mature, polite, polished, and professional manner with serving as a Special Agent.

50.) In November of 2005, Mr. Huggins was responsible for recommending Mr. Pendleton for his third Inspector General's Sustained Superior Performance Award.

51.) Mr. Powell also knew that his "evaluation" of Mr. Pendleton was an untrue and unfounded evaluation of his performance and skill and his entitlement to promotion to Grade 14.

52.) Among other matters, Mr. Powell was responsible for initiating the process for awarding Mr. Pendleton his third Inspector General's Sustained Superior Performance Award in November 2005.

53.) Mr. Powell's "evaluation" of Mr. Pendleton directly and adversely affected Mr. Pendleton's candidacy for the positions at issue in this case.

54.) On May 25, 2005, defendant passed Mr. Pendleton over for selection and instead selected Mr. Fletcher and Mr. Meyers for the Grade 14 Senior Special Agent positions in the WFO advertised in Vacancy Announcement No. OIG-2005-05.

55.) Defendant's decision not to promote Mr. Pendleton and to select Mr. Meyers and Mr. Fletcher instead was the product of retaliation against plaintiff on account of his prior protected EEO activity and of discrimination on account of his race.

### Exhaustion Of Remedies

56.) On or before June 7, 2005, plaintiff timely initiated the informal EEO process.  On or about July 15, 2005, plaintiff timely

filed a formal complaint of discrimination.  In those submissions and the ensuing investigation of his formal complaint, plaintiff timely challenged the employment actions that are the subjects of this complaint and exhausted the administrative remedies available to him, because more than 180 days have elapsed without the issuance of a Final Agency Decision.

**COUNT I**
**(<u>Retaliation</u>)**

57.) Plaintiff repeats the allegations contained in paragraphs 1 through 56 above, as though fully set forth here.

58.) On or about January 25, 2005, defendant opened Vacancy Announcement No. OIG-2005-05 for competition and advertised vacancies for non-supervisory Senior Special Agent positions with the DOJ OIG.

59.) Plaintiff timely applied under Vacancy Announcement No. OIG-2005-05 on or about February 4, 2005; and was qualified for promotion and rated qualified by defendant for the positions advertised in that Vacancy Announcement.

60.) On or about May 25, 2005, defendant denied plaintiff's application for promotion to Grade 14 non-supervisory Senior Special Agent in the OIG WFO and instead selected a less qualified candidate, Special Agent Scott Meyers, for promotion under Vacancy Announcement No. OIG-2005-05.

61.) Plaintiff engaged in activity that is protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-3), when he initiated and pursued <u>Pendleton v. Gonzales</u>, C.A. No. 04-1838 (RJL), and the administrative complaints process that preceded it.

62.) Prior to his selection as a non-supervisory Senior Special Agent in the OIG WFO under Vacancy Announcement No. OIG-2005-05, Special Agent Scott Meyers had not engaged in any EEO activity protected under Title VII of the Civil Rights Act.

63.) In not selecting plaintiff for promotion to the position of non-supervisory Senior Special Agent at the Grade 14 level under Vacancy Announcement OIG-2005-05, defendant took materially adverse action against Mr. Pendleton that would dissuade a reasonable worker from making or supporting a charge of discrimination.

64.) In taking the foregoing actions, defendant retaliated against plaintiff on account of his participation in protected EEO activity identified in paragraph 58 and violated the "participation clause" of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-3(a)).

65.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT II
### (Retaliation)

66.) Plaintiff repeats the allegations contained in paragraphs 1 through 65 above, as though fully set forth here.

67.) On or about January 25, 2005, defendant opened Vacancy Announcement No. OIG-2005-05 for competition and advertised vacancies for non-supervisory Senior Special Agent positions with the DOJ OIG.

68.) Plaintiff timely applied under Vacancy Announcement No. OIG-2005-05 on or about February 4, 2005; and was qualified for

promotion and rated qualified by defendant for the positions advertised in that Vacancy Announcement.

69.) On or about May 25, 2005, defendant denied plaintiff's application for promotion to Grade 14 non-supervisory Senior Special Agent in the OIG WFO and instead selected a less qualified candidate, Special Agent Michael Fletcher, for promotion under Vacancy Announcement No. OIG-2005-05.

70.) Plaintiff engaged in activity that is protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-3), when he initiated and pursued Pendleton v. Gonzales, C.A. No. 04-1838 (RJL), and the administrative complaints process that preceded it.

71.) Prior to his selection as a non-supervisory Senior Special Agent in the OIG WFO under Vacancy Announcement No. OIG-2005-05, Special Agent Michael Fletcher had not engaged in any EEO activity protected under Title VII of the Civil Rights Act.

72.) In not selecting plaintiff for promotion to the position of non-supervisory Senior Special Agent at the Grade 14 level under Vacancy Announcement OIG-2005-05, defendant took materially adverse action against Mr. Pendleton that would dissuade a reasonable worker from making or supporting a charge of discrimination.

73.) In taking the foregoing actions, defendant retaliated against plaintiff on account of his participation in protected EEO activity identified in paragraph 58 and violated the "participation clause" of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-3(a)).

74.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### COUNT III
### (Race Discrimination)

75.) Plaintiff repeats the allegations contained in paragraphs 1 through 74 above, as though fully set forth here.

76.) On or about January 25, 2005, defendant opened Vacancy Announcement No. OIG-2005-05 for competition and advertised vacancies for non-supervisory Senior Special Agent positions with the DOJ OIG.

77.) Plaintiff timely applied under Vacancy Announcement No. OIG-2005-05 on or about February 4, 2005; and was qualified for promotion and rated qualified by defendant for the positions advertised in that Vacancy Announcement.

78.) On or about May 25, 2005, defendant denied plaintiff's application for promotion to Grade 14 non-supervisory Senior Special Agent in the OIG WFO and instead selected a less qualified candidate, Special Agent Scott Meyers, for promotion under Vacancy Announcement No. OIG-2005-05.

79.) Plaintiff is an African American male.

80.) Special Agent Scott Meyers is a Caucasian male.

81.) In not selecting plaintiff for promotion to the position of non-supervisory Senior Special Agent at the Grade 14 level under Vacancy Announcement OIG-2005-05, defendant took adverse employment action against Mr. Pendleton.

82.) In taking the foregoing actions, defendant discriminated against plaintiff on account of his race and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-2).

83.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

## COUNT IV
## (Race Discrimination)

84.) Plaintiff repeats the allegations contained in paragraphs 1 through 83 above, as though fully set forth here.

85.) On or about January 25, 2005, defendant opened Vacancy Announcement No. OIG-2005-05 for competition and advertised vacancies for non-supervisory Senior Special Agent positions with the DOJ OIG.

86.) Plaintiff timely applied under Vacancy Announcement No. OIG-2005-05 on or about February 4, 2005; and was qualified for promotion and rated qualified by defendant for the positions advertised in that Vacancy Announcement.

87.) On or about May 25, 2005, defendant denied plaintiff's application for promotion to Grade 14 non-supervisory Senior Special Agent in the OIG WFO and instead selected a less qualified candidate, Special Agent Michael Fletcher, for promotion under Vacancy Announcement No. OIG-2005-05.

88.) Plaintiff is an African American male.

89.) Special Agent Michael Fletcher is a Caucasian male.

90.) In not selecting plaintiff for promotion to the position of non-supervisory Senior Special Agent at the Grade 14 level under Vacancy Announcement OIG-2005-05, defendant took adverse employment action against Mr. Pendleton.

91.) In taking the foregoing actions, defendant discriminated against plaintiff on account of his race and violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating 42 U.S.C. §2000e-2).

92.) Defendant's violation of plaintiff's civil rights caused him to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### PRAYER FOR RELIEF

Wherefore, plaintiff Mark A. Pendleton respectfully requests that the Court enter judgment in his favor and award him the following relief.

A.   An Order declaring that defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and restraining and enjoining defendant from further such violations.

B.   An Order promoting plaintiff to Senior Special Agent GS-1811 at the Grade 14 level.

C.   Backpay and other benefits lost as a result of being unlawfully denied promotion retroactive to May 25, 2005.

D.   Compensatory damages in an amount to be determined at trial to compensate plaintiff for the emotional pain, embarrassment,

humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, and loss of enjoyment of life caused by defendant's unlawful actions.

     F.    Record correction.

     G.    The attorneys' fees and costs incurred by plaintiff.

     H.    Such other relief as may be just and appropriate.

<u>**JURY DEMAND**</u>

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

H
07-1884
JDB

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark A. Pendleton    88888 | Peter Keisler, Acting Attorney General of the United States |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert C. Seldon, Esq.; Molly E. Buie, Esq.
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
(202) 955-6968

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01884
Assigned To : Bates, John D.
Assign. Date : 10/18/2007
Description: Employ. Discrim.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O   1 U.S. Government Plaintiff

O   3 Federal Question (U.S. Government Not a Party)

◉   2 U.S. Government Defendant

O   4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

O A. *Antitrust*

☐ 410 Antitrust

O B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O E. *General Civil (Other)*    OR    O F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| O **G. Habeas Corpus/ 2255** | O **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Denial of promotion due to retaliation and discrimination, arising under Title VII of the Civil Rights Act, 42 U.S.C. sec. 2000e-16

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 300,000.00   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE October 18, 2007   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.