UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. PENDLETON,<br>11912 Viewcrest Terrace<br>Silver Spring, Md. 20902<br><br>   Plaintiff<br><br>  v.<br><br>MICHAEL MUKASEY[1]<br>Attorney General,<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530-0001<br><br>   Defendant | Civil Action No. 07-1884 (JDB) |

**ANSWER TO COMPLAINT**

Defendant Michael Mukasey, in his official capacity as Attorney General of the United States, answers the complaint of plaintiff Mark A. Pendleton as follows:

**Preliminary Statement**

1. Paragraph 1 contains plaintiff's characterizations of his cause of action to which no response is required. To the extent that paragraph 1 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations contained therein, except admits that plaintiff is a Special Agent employed by the Department of Justice (DOJ) Office of the Inspector General (OIG) in its Washington Field Office.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

---

[1] Since Michael Mukasey succeeded Acting Attorney General Peter Keisler as the Attorney General, Attorney General Mukasey is automatically substituted as a party. See Fed. R. Civ. P. 25(d)(1)

4. Defendant denies the allegations in paragraph 4, except admits that plaintiff applied for but was not selected for GS-14 positions at the OIG in 2003 and 2005.

5. Defendant denies the allegations contained in paragraph 5, except admits that the OIG advertised two vacancies for GS-14 positions in the WFO in January 2005.

6. Defendant denies the allegations contained in paragraph 6.

7. Paragraph 7 contains plaintiff's characterizations of his cause of action to which no response is required. To the extent that paragraph 7 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations in paragraph 7.

8. Paragraph 8 contains plaintiff's characterizations of his cause of action to which no response is required. To the extent that paragraph 8 may be deemed to contain factual allegations requiring an answer, defendant denies the allegations in paragraph 8, except admits that plaintiff was not selected for the GS-14 positions advertised in January 2005.

**Parties, Jurisdiction, And Venue**

9. Defendant admits the allegations in paragraph 9, except denies the allegations to the extent they imply there was any merit to plaintiff's EEO complaint.

10. Defendant denies the allegations in the first sentence of paragraph 10. Defendant admits the allegations in the second and third sentences of paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent that paragraph 11 may be deemed to contain factual allegations requiring an answer, defendant avers that the GS-14 positions at issue in this case have always been located in Rosslyn, Virginia, which is within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## Statement Of The Case

### Background

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13, except denies that the OIG's investigative jurisdiction extends to employees of federal agencies other than the DOJ.

14. Defendant admits the allegations in paragraph 14, except denies the allegations that the WFO is divided into component organizations or that all OIG Special Agents are employed in the Investigations Division.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 19, but admits that plaintiff has investigated numerous cases involving a number of DOJ components during his tenure with the OIG.

20. Defendant denies the allegations contained in paragraph 20 insofar as they imply that plaintiff engaged in all such activities while employed by the OIG.

21. Defendant denies the allegations in paragraph 21.

### Defendant's Alleged Unlawful Personnel Actions

22. Defendant denies the allegations contained in paragraph 22, except admits that in approximately 1998, the OIG Investigations Division began designating some cases as priority investigations.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25, except admits that plaintiff received Sustained Superior Performance Awards in 2002, 2003, and 2005.

26. Defendant denies the allegations contained in paragraph 26, except admits that plaintiff received a Sustained Superior Performance Award in 2003.

27. Defendant admits the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant admits the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31, except admits that a vacancy announcement for GS-14 positions was posted by the OIG Investigations Division on January 17, 2005.

32. Defendant admits the allegations contained in paragraph 32.

33 Defendant admits the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36, except admits that Messrs. Meyers and Fletcher are Caucasin.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant admits the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant admits the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52 except admits that Powell recommended plaintiff for the Sustained Superior Performance Award he received in 2005.

53. Defendant admits that Powell's evaluation was one of several factors which affected Plaintiff's non-selection.

54. Defendant denies the allegations contained in paragraph 54, but admits it selected Messrs. Meyers and Fletcher for the GS-14 positions in the WFO in 2005

55. Defendant denies the allegations contained in paragraph 55.

## Exhaustion Of Remedies

56. Defendant admits the allegations contained in paragraph 56.

57. Defendant repeats the responses contained in paragraphs 1 through 56 above, as though fully set forth herein.

## COUNT I

### (Retaliation)

58. Defendant admits that the vacancy opened on January 17, 2005.

59. Defendant admits the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant admits the allegations contained in paragraph 61.

62. Defendant admits the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

## COUNT II

### (Retaliation)

66. Defendant repeats the answers contained in paragraphs 1 through 65 above, as though fully set forth herein.

67. Defendant admits that the vacancy opened on January 17, 2005.

68. Defendant admits the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69, except admits that the OIG selected Mr. Fletcher for one of the GS-14 positions advertised under Vacancy Announcement OIG-2005-05.

70. Defendant admits the allegations contained in paragraph 70.

71. Defendant admits the allegations contained in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

## COUNT III

### (Race Discrimination)

75. Defendant repeats the answers contained in paragraphs 1 through 74 above, as though fully set forth herein.

76. Defendant admits that the vacancy opened on January 17, 2005

77. Defendant admits the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78, except admits that the OIG selected Mr. Meyers for one of the GS-14 positions advertised under Vacancy Announcement OIG-2005-05.

79  Defendant admits the allegations contained in paragraph 79.

80  Defendant admits the allegations contained in paragraph 80.

81. Defendant admits that defendant was not selected for the position. The remainder of the paragraph is a conclusion of law to which no answer is required. To the extent an answer is required, deny.

82. Defendant denies the allegations contained in paragraph 82

83. Defendant denies the allegations contained in paragraph 83

## COUNT IV

### (Race Discrimination)

84. Defendant repeats the answers contained in paragraphs 1 through 83 above, as though fully set forth herein.

85. Defendant admits that the vacancy opened on January 17, 2005

86. Defendant admits the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87, except admits that the OIG selected Mr. Fletcher for one of the GS-14 positions advertised under Vacancy Announcement OIG-2005-05.

88. Defendant admits the allegations contained in paragraph 88.

89. Defendant admits the allegations contained in paragraph 89.

90. Defendant admits that defendant was not selected for the position. The remainder of the paragraph is a conclusion of law to which no answer is required. To the extent an answer is required, deny.

91. Defendant denies the allegations contained in paragraph 91.

92. Defendant denies the allegations contained in paragraph 92.

The remainder of the complaint constitutes Plaintiff's prayer for relief to which no response is required; insofar as an answer may be deemed necessary, defendant denies plaintiff is entitled to any of the relief requested or attorney fees, or any relief whatsoever.

No response is required to plaintiff's jury demand.

Defendant respectfully requests and reserves the right to amend, alter, or supplement the responses and defenses contained in this answer as the facts and circumstances giving rise to the

complaint become known to him.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

As to some or all of the claims asserted in this action, plaintiff fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant denies that it engaged in any discriminatory or retaliatory conduct whatsoever.

**THIRD DEFENSE**

Any award of compensatory damages is subject to and limited by 42 U.S.C. Sec. 1981a(b)(3).

**FOURTH DEFENSE**

Venue is improper in the District of Columbia.

WHEREFORE, having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that the Court grant defendant his costs and such other relief as may be appropriate.

                                                               Respectfully Submitted,

                                                              _____/s/_____
                                                               JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                               United States Attorney

                                                              _____/s/_____
                                                               RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                               Assistant United States Attorney

_____/s/_____
BENTON PETERSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4905
Washington, D.C.  20530
(202) 514-7238