UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. PENDLETON, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL B. MUKASEY, )<br>  Attorney General )<br>)<br>     Defendant. )<br>)<br>_____ ) | Civ. Action No. 07-1884 (JDB) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

In accordance with Rule 16, Fed. R. Civ. P, and LCvR 16.3, counsel for the parties have conferred and hereby submit the following Joint Report to the Court:

    1.)    <u>Resolution By Dispositive Motion</u>:   The defendant has filed a motion to dismiss, pursuant to Rule 12, Fed. R. Civ. P, to which plaintiff will file a written opposition.

    2.)    <u>Amended Pleadings</u>:  The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

    3.)    <u>Assignment to Magistrate Judge</u>: The parties have not consented to the assignment of this case to a Magistrate Judge at this time.

    4.)    <u>Settlement Possibility</u>:  Plaintiff is amenable to engaging in settlement talks at any time.  Defendant does not foreclose the possibility of settlement, but views settlement talks as more likely to be productive after the close of discovery.

    5.)    <u>Alternative Dispute Procedures</u>:  The parties agree that Alternative Dispute

1

Resolution may be beneficial after the close of discovery and will advise the Court either before or at a post-discovery status conference whether they are prepared to engage in ADR.

      6.)    <u>Dispositive Motions</u>:  The parties agree that any further dispositive motion, if necessary, should be filed within 60 days after the close of discovery; that any opposition to that motion should be filed within 45 days of the filing of the motion; and that any reply should be filed within 15 days of the filing of the opposition.

      7.)    <u>Initial Disclosures</u>:  The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court approximately 45 days after the Court issues the Initial Scheduling Order.

      8.)    <u>Discovery</u>:  The parties submit that discovery should begin on May 1, 2008, and end on September 30, 2008 (five months).  The parties agree to limit the number of depositions to 10 per side and interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  Due to sensitive personal and/or medical information that may be exchanged, the parties anticipate seeking a protective order.

      9.)    <u>Experts</u>:  The parties agree that the proponent of an expert witness shall make its expert disclosures according to the schedule provided in Rule 26(a)(2) F. R. Civ. P.  If and when the parties make expert disclosures, depositions of the experts will be taken at mutually convenient times.

      10.)    <u>Class Action Procedures</u>:  Not applicable.

      11.)    <u>Bifurcation of Discovery or Trial</u>:  Not appropriate for this case.

      12.)    <u>Proposed Date for The Pretrial Conference</u>:  The parties agree that a status conference should be scheduled after the close of discovery.  Both parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

13.)  Trial Date:  The parties are amenable to having a firm trial date set when the Court convenes a post-discovery status conference.

14.)  Other Matters:

A.   Earlier Case:

Mr. Pendleton was the plaintiff in a prior case entitled Pendleton v. Gonzales, C.A. No. 04-1838 (RJL) ("Pendleton I"), which alleged that defendant did not select him for two positions on account of his race.  Pendleton I was resolved on summary judgment in favor of defendant in a Memorandum Opinion and Order issued on July 10, 2007.  The case is now pending on appeal, sub nom, Pendleton v. Keisler, No. 07-5296 (D.C. Cir.).

Counts I and II of the Complaint in this action ("Pendleton II") allege that plaintiff's non-selection for the two positions at issue was due, either in whole or in part, to his protected activity in Pendleton I and his use of the administrative processes which preceded it.  Counts III and IV in this action allege that plaintiff's non-selection was due to his race.

Defendant takes the position that plaintiff was not subject to discrimination or retaliation in the employment actions that underlie this action, and that its decisions were taken for legitimate reasons free from discrimination or retaliation.

B.   Counsels' Commitment to Working Cooperatively

Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of information covered by the Privacy Act, 5 U.S.C. § 552a; the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§1320d, et seq.; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the

course of this case that are not presently foreseen.

15.     Discovery Of Electronically-Stored Data

The following information is provided by defendant as to electronically-stored information in defendant's possession that may relate to plaintiff's claims that he was discriminated against on the basis of his race (African-American) and in retaliation for prior EEO activity.

It should be noted that the vast majority of the relevant documents (i.e. the documents relating to the actual selection) are in hard copy form and have previously been collected as part of the administrative investigation of this matter.  Accordingly, the Agency does not anticipate producing a large number of electronically stored documents in this case.

The Office of the Inspector General (OIG) uses the Microsoft Office suite of products, including MS Exchange, Outlook, and Word.  The OIG operates its own e-mail system and has its own information technology staff.

E-Mail:  E-mail is stored in the user's mailbox upon receipt.  The user may then delete the e-mail, reply, forward, or print the e-mail.  Unless deleted, the e-mail is stored on the e-mail server.  Users may archive e-mail files to their hard drives; however, users are responsible for backing up their own hard drives.  User mailboxes stored on the e-mail server are backed up nightly to a server and these files are then backed up to tape.  The back-up tapes for OIG are kept for approximately three months and then recycled/overwritten.  No automated mechanism exists to search or recover individual mailboxes stored on tapes over time.  The current back-up system is designed to restore all e-mail for approximately 450 users in the OIG.

Word Processing and Other Microsoft Office documents:  Users can store MS Office documents on network drives in a manner similar to e-mails.  Users may also store Office

documents on their hard drives.  Local hard drives are not backed up by the system.  No easy or automated mechanism exists to search or recover individual files stored on tape over a time period.  Back-ups are performed nightly for OIG files in the same manner as for e-mail.  The current back-up system is designed to restore all files for approximately 450 OIG users.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/<br>_____<br>Robert C. Seldon, Esq.<br>D.C. Bar No. 245100 | /s/<br>_____<br>Jeffrey A. Taylor,<br>D.C. Bar # 498610<br>United States Attorney |
| /s/<br>_____<br>Molly E. Buie, Esq.<br>D.C. Bar No. 483767<br><br>1319 F Street, N.W. Suite 200<br>Washington, D.C.  20004<br>(202) 955-6968<br><br><br>Attorneys for Plaintiff | /s/<br>_____<br>Rudolph Contreras<br>D.C. Bar No. 434122<br>Assistant United States Attorney<br><br>/s/<br>_____<br>Benton Peterson<br>Assistant United States Attorney<br>Judiciary Center Building<br>555 4th Street, N.W., Rm. E-4905<br>Washington, D.C. 20530<br>(202) 514-7238<br><br>Attorneys for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. PENDLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-1884 (JDB) |
| | ) |
| MICHAEL B. MUKASEY, | ) |
| Attorney General | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SCHEDULING ORDER

The Court, having received and reviewed the parties' Joint Report to the Court, filed pursuant to Local Civil Rule 16.3, hereby orders as follows:

1.) The parties will make initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) within 45 days of the entry of this Order.

2.) Discovery shall commence on May 1, 2008, and shall be concluded by September 30, 2008.

3.) The parties will be limited to ten (10) depositions per side and twenty-five (25) interrogatories per side, including discrete subparts. In all other respects, the parties shall be governed by the provisions of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court pertaining to the conduct of discovery. On a showing of good cause, either party may apply to the Court for permission to exceed the foregoing limits.

4.) Dispositive motions, if any, shall be filed by the parties by November 29, 2008;

2

oppositions are due by January 13, 2009; and replies, if any, are due by January 28, 2009.

    5.)    A status hearing shall be held on _____, 2008.



Date: _____



                                                                                                                      _____
                                                                                                                      John D. Bates
                                                                                                                      United States District Judge